# jackson|lewis.

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
58 South Service Road
Suite 250
Melville, New York 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

MY DIRECT DIAL IS: 631-247-4661
MY EMAIL ADDRESS IS: NOEL.TRIPP@JACKSONLEWIS.COM

May 18, 2018

**VIA ECF**

Hon. LaShann DeArcy Hall
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 1121

          Re:   *Mario Llivichuzhca, et al. v. Alphacraft Construction Inc., et al.*
                Civ. No.: 18-CV-01017

Dear Judge DeArcy Hall:

      We represent Defendants Alphacraft Construction, Inc. ("Alphacraft") and Mike Theodorou (the "Individual Defendant," together with Alphacraft the "Defendants") in the above-referenced matter. We write, pursuant to Section III.A.3 of Your Honor's individual rules, to respectfully request a pre-motion conference for permission to move to dismiss Plaintiffs' Complaint. Plaintiffs bring this wage and hour lawsuit under the Fair Labor Standards Act ("FLSA", 29 U.S.C. § *et. seq.*), for alleged unpaid minimum wage and overtime, as well as certain violations of the New York Labor Law ("NYLL"). Because Plaintiffs' Complaint (Dkt. 1, "Compl.") fails to satisfy the well-established FLSA pleading standard within this Circuit (among other deficiencies), their Complaint should be dismissed, with prejudice as to Plaintiffs' FLSA claims and without prejudice as to Plaintiffs' state law claims.

**I.**    **Plaintiffs Have Failed to Plead An FLSA Claim**

      **A.**    **Plaintiffs' Minimum Wage Claim**

      Plaintiffs' Complaint makes clear they do not possess a minimum wage claim under the FLSA because they have not alleged that their total hourly rate of pay in a workweek fell below $7.25/hour (the FLSA minimum wage at all relevant times) under the longstanding *Klinghoffer* rule. *See Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 116 (2d Cir. 2013)

**jackson lewis.**

Hon. LaShann DeArcy Hall
USDC/EDNY
May 18, 2018
Page 2

("so long as an employee is being paid the minimum wage or more, FLSA does not provide recourse for unpaid hours below the 40-hour threshold, even if the employee also works overtime hours the same week"). Plaintiffs' allegations confirm this never was the case, and that their rates of pay were well above minimum wage. Compl. ¶¶ 54-55, 59-62 (reflecting alleged wages of $840 or later $900 per week for 56 hours of work); Compl. ¶ 67-69 (same, $1080 in wages and 55 hours). Plaintiff Llivichuzhca alleges only that he was paid "at straight time rates." Compl. ¶ 50.

### B. Plaintiffs' Overtime Allegations

A successful FLSA overtime claim must be based on "sufficient factual allegations . . . rather than a general and conclusory allegation as to the number of hours 'routinely' worked -whereby the Court can reasonably infer that there was indeed one or more particular workweek(s) in which the plaintiff suffered an overtime violation." *Bustillos v. Acad. Bus, LLC*, 2014 U.S. Dist. LEXIS 3980, at *11 (S.D.N.Y. Jan. 13, 2014) *citing Lundy, Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 86 (2d Cir. 2013) and *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 195 (2d Cir. 2013). Plaintiffs have not met that standard, because Plaintiffs' Complaint contains only generalized boilerplate allegations regarding the number of hours they claim to have "typically" worked. Compl. ¶ 49 ("average of ten hours per day (fifty hours per week)"); ¶ 54 ("average of 56 hours per week"); ¶¶ 59-60 ("typically or "consistently" worked overtime); ¶ 66 ("typically"). Applying the Second Circuit's directive in *Lundy, Nakahata* and *Dejesus*, courts consistently reject such conclusory summary allegations. *See, e.g., Bustillos, supra; Fridman v. GCS Computs. LLC*, 2018 U.S. Dist. LEXIS 51163 (S.D.N.Y. Mar. 27, 2018). Plaintiffs cannot simply plead that they "typically" worked substantial overtime hours year over year (which Defendants deny), without some factual material providing details regarding specific workweeks, the precise hours worked, and the nature of the work performed.

### II. Plaintiffs' Claims Against the Individual Defendant Must Be Dismissed

To be held liable under the FLSA, a person or entity must be deemed an "employer." 29 U.S.C. § 203(d); NYLL § 190(3). To proceed against such entity or individual, an FLSA Plaintiff must plead facts rendering plausible his or her allegation that such individual met the economic realities test set forth in *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999). As with Plaintiffs' other FLSA allegations, Plaintiffs fail to plead sufficient, particularized facts which might support their claims against the Individual Defendant. Instead, the Complaint merely parrots the applicable legal standard, reciting as "factual" allegations the elements of the economic realities test (Compl. ¶¶ 16-21), notwithstanding that any specific factual details relating to the Individual Defendant would be "wholly within [plaintiff's] possession." *Wolman v. Catholic Health Sys. of Long Island*, No. 10-CV-1326, 2011 U.S. Dist. LEXIS 48223, at *10 (E.D.N.Y. May 5, 2011). This boilerplate is insufficient to withstand a motion to dismiss. *Xue Lian Lin v. Comprehensive Health Mgmt.*, No. 08 CV 6519 (PKC), 2009 U.S. Dist. LEXIS 29779, *2 (S.D.N.Y. Apr. 8, 2009) (dismissing plaintiffs' FLSA claims against the individual defendants because the complaint did not sufficiently allege the degree of control by each individual defendant over the "plaintiffs' hours, wages, or other terms and conditions of employment"); *Tracy v. NVR, Inc.*, 04 CV 6451, 2009 U.S. Dist. LEXIS 90778, *15 (W.D.N.Y. Sept. 30, 2009) *aff'd in relevant*

**jackson lewis.**

Hon. LaShann DeArcy Hall
USDC/EDNY
May 18, 2018
Page 3

*part at* 667 F. Supp. 2d 244 (W.D.N.Y. 2009) ("Generally, corporate officers and owners held to be employers under the FLSA have had some direct contact with the plaintiff employee, such as personally supervising the employee's work, determining the employee's day-to-day work schedule or tasks, signing the employee's paycheck or directly hiring the employee.").

\* \* \* \* \* \* \* \*

Accordingly, Alphacraft respectfully requests a pre-motion conference regarding Defendants' anticipated motion to dismiss the Complaint. Following dismissal of Plaintiffs' FLSA claims, in light of the procedural posture of this case, the Court should not retain supplemental jurisdiction over Plaintiffs' putative state law claims. *Krumholz v. Vill. of Northport*, 873 F. Supp. 2d 481, 483 (E.D.N.Y. 2012).[1]

Respectfully submitted,

JACKSON LEWIS P.C.

*Noel Tripp* (for)

Noel P. Tripp

NPT:dc
cc:  Marc A. Rapaport, Esq. (via ECF)
     Meredith R. Miller, Esq. (via ECF)

4812-0207-6511, v. 5

---

[1] Plaintiffs' state law claims also are deficient. *See Carter v. Tuttnaeur U.S.A. Co.*, 78 F. Supp. 3d 564, 569 (E.D.N.Y. 2015) (individuals hired prior to April 9, 2011 lack claim based on new hire notice provision of NYLL § 195); *Lin v. Benihana Nat'l Corp.*, 10 Civ. 1335 (VM)(JCF), 2010 U.S. Dist. LEXIS 132871, *15-17 (S.D.N.Y. Nov. 9, 2010) (finding that employers can require employees to bear the costs of tools of the trade as long as it does not reduce their wages below minimum wage); *Hudacs v. Frito-Lay, Inc.*, 90 NY2d 342, 348, 683 N.E.2d 322, 660 N.Y.S.2d 700 (N.Y. 1997) ("[W]hile section 193(2) on its face prohibits 'any payment by separate transaction,' it is clear from the statutory context that 'any payment' is actually meant to refer only to payments from wages.").