UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MARIO LLIVICHUZHCA; ILDIFONCIO
MAYANCELA; LUIS MAYANCELA;
LUIS RODRIGO ANGAMARCA, individually and on
behalf of all others similarly situated,

                                                          **MEMORANDUM AND ORDER**

                        Plaintiffs,

                                                          18-cv-1017 (LDH) (RLM)

        v.

ALPHACRAFT CONSTRUCTION INC.;
and MICHALAKIS THEODOROU, a/k/a
MICHAEL THEODOROU AND a/k/a MIKE
THEODOROU,

                                Defendants.
-------------------------------------------------------------------x
LaSHANN DeARCY HALL, United States District Judge:

       Plaintiffs Mario Llivichuzhca ("Llivichuzhca"), Ildifoncio Mayancela ("I. Mayancela"), Luis Mayancela ("L. Mayancela"), and Luis Rodrigo Angamarca ("Angamarca") bring the instant action against their former employer Alphacraft Construction, Inc. and its president and/or owner Michalakis Theodorou ("Theodorou"), asserting claims pursuant to various provisions of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (Compl., ECF No. 1.)[1] Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the following claims for: (1) failure to provide overtime wages in violation of the FLSA and NYLL; (2) violation of the spread-of-hours law pursuant to 12 N.Y.C.R.R. § 142-2.4; (3)

---

[1] Specifically, Plaintiffs bring the following causes of action: (1) failure to provide minimum wage in violation of the FLSA and NYLL; (2) failure to provide overtime wages in violation of the FLSA and NYLL; (3) violation of the spread-of-hours law pursuant to 12 N.Y.C.R.R. § 142-2.4; (4) illegal deductions in violation of NYLL; (5) failure to provide wage statements in violation of NYLL; (6) failure to provide wage notices in violation of NYLL; and (7) declaratory judgment. On August 27, 2018, Plaintiffs voluntarily dismissed the causes of action for Defendants' failure to provide minimum wage in violation of the FLSA and NYLL. (Notice of Vol. Dismissal, ECF No. 18.)

1

illegal deductions in violation of NYLL; and (4) failure to provide wage notices in violation of NYLL.[2]

## BACKGROUND[3]

Plaintiffs are former employees of Alphacraft Construction Inc., a company in the business of construction and renovation of high-end interior projects. (Compl. ¶¶ 13, 48, 52, 57, 65.) Llivichuzhca worked for Defendants beginning in or about 2012 through sometime in May 2017. (*Id.* at ¶ 48.) His duties involved performing labor (such as painting and carpentry) at residential-construction and renovation projects. (*Id.*) He worked an average of ten hours per day (fifty hours per week), with no overtime pay. (*Id.* at ¶ 49). Instead, Llivichuzhca was paid "straight time rates" for all hours worked in a given workweek, even when he worked in excess of forty hours. (*Id.* at ¶ 50.) Defendants did not ask Llivichuzhca to keep track of his time, and to his knowledge, Defendants did not otherwise maintain accurate recordkeeping of the hours he worked. (*Id.* at ¶ 51.)

I. Mayancela worked for Defendants beginning in or about 2008 through sometime in April 2016. (*Id.* at ¶ 52.) His duties involved various aspects of interior renovations, including, among other things, painting, plastering, demolition, flooring, and general labor such as cleaning. (*Id.* at ¶ 53.) His daily pay did not vary, even when he was required to work a longer day than his usual schedule. (*Id.* at ¶ 55.)

L. Mayancela worked for Defendants beginning in or about 2006 through sometime in March 2017. (*Id.* at ¶ 57.) His duties included performing carpentry, painting, flooring,

---

[2] Defendants also request, pursuant to Federal Rule of Civil Procedure 41(d), that in the event Plaintiffs reassert the previously voluntarily dismissed minimum wage claims against Defendants in the future, they only be permitted to do so after paying Defendants' attorney's fees and costs. (Defs.' Supp. Pre-Mot. Conf. Ltr. at 2 n.1, ECF No. 19.) Defendants' request is denied.
[3] The Court assumes the facts alleged in the complaint to be true for purposes of evaluating the instant motion.

2

cabinetry, and other types of renovation work for Defendants at projects located throughout New York City. (*Id.* at ¶ 58.) Throughout 2015 and 2016, L. Mayancela consistently worked six days per week at all times of the year, with a typical workweek of fifty-five or more hours. (*Id.* at ¶ 59.) L. Mayancela was not paid overtime wages. (*Id.* at ¶ 62.)

Angamarca worked for Defendants beginning in or about April 2003 until on or about May 12, 2017, as a "construction/renovation" worker. (*Id.* at ¶ 65.) Angamarca did not have any uninterrupted breaks during his work days and would typically work ten hours per day. (*Id.* at ¶ 67.) Throughout his employment, he worked fifty hours per week, with the exception of summer months, when he worked in excess of fifty-five hours per week. (*Id.* at ¶¶ 67-68.) Defendants paid Angamarca at his regular rate for all hours, without any overtime pay. (*Id.* at ¶ 70.)

Each Plaintiff alleges that he was required to pay for the cost of "tools of the trade," such as drills, handsaws, knives, and grinders, without reimbursement by Defendants. (*Id.* at ¶ 43.) Plaintiffs further allege that Defendants failed to provide them with notice of wages, notice of their respective rates of pay, and of Defendants' regular pay day. (*Id.* at ¶¶ 41, 42.) Defendants further failed to provide Plaintiffs with uninterrupted meal periods, spread-of-hours pay, or paystubs. (*Id.* at ¶¶ 41-47.)

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id.* While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the

3

[c]ourt's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the court must accept the factual allegations of the complaint as true." *Id.* (citations omitted).

## DISCUSSION

### I. Overtime Claims under the FLSA and NYLL

Defendants maintain that Plaintiffs' overtime claims are insufficiently pleaded because they lack the requisite specificity: "Plaintiffs cannot simply plead that they 'typically' worked substantial overtime hours year over year . . . , without some factual material providing details regarding specific workweeks, the precise hours worked, and the nature of the work performed." (Defs.' Ltr. Mot. Pre-Mot. Conf. at 2, ECF No. 16.) Of course, threadbare assertions that merely recite the statutory language of the FLSA cannot state a claim. Instead, to plead an overtime claim under the FLSA, "plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). Plaintiffs in this case do so.

Llivichuzhca alleges that he "began working each day at approximately 7:00 a.m. and stopped at approximately 5:30 p.m.," he worked "an average of ten hours per day (fifty hours per week)," and "Defendants paid [him] at straight time rates for all hours, even those over forty in a workweek." (Compl. at ¶¶ 49, 50.) Likewise, I. Mayancela alleges that during summer months he "typically worked six days per week" for an "average of 56 hours per week," but throughout his employment "[t]he daily pay [he] received covered only his first forty hours of work per week, and he was not paid . . . for substantial overtime hours." (*Id.* at ¶¶ 54, 55.) L. Mayancela

4

alleges that "although he regularly worked substantially more than forty (40) hours per workweek, he never received overtime pay." (*Id.* at ¶ 58.) L. Mayancela elaborates that his schedule changed during the summer months, and specifically during the week he worked from approximately 7:00 a.m. to 6:00 p.m., with a thirty-minute break, and on Saturdays from approximately 7:00 a.m. to 5:00 p.m. (*See id.* at ¶¶ 59, 60.) Further, he alleges that during the summer months throughout his ten-year employment he worked 55 or more hours and throughout 2015 and 2016, he "consistently worked six days per week . . . with a typical workweek of 55 or more hours." (*Id.* at ¶¶ 59, 60.) Finally, Angamarca alleges that he worked from "approximately 7:00 a.m. and stopped at approximately 4:30 p.m.," and "[i]n certain summer months, [he] also worked in excess of 55 hours per week." (*Id.* at ¶¶ 66, 69.) Angamarca further alleges that "throughout his entire period of employment, [his] five-day workweeks entailed 50 hours of work per week" and he "was never paid premium overtime compensation." (*Id.* at ¶¶ 67, 69.)

By their motion, Defendants effectively ask this Court to ignore these specific allegations and focus instead on the occasions where Plaintiffs make reference to their "typical" and "routine" patterns of hours. The Court will not engage in such impermissible cherry picking. Viewed in their entirety, Plaintiffs' allegations are sufficient to support an inference that they worked more than forty hours in a given week and are thus sufficient to plead a claim for overtime under the FLSA. *See Guzman-Reina v. ABCO Maintenance, Inc.*, 17-cv-1299, 2018 WL 264102, at *3-4 (E.D.N.Y. Jan. 2, 2018) (finding allegations that plaintiff "routinely" worked forty-five to fifty hours per week and citing specific weeks in which she worked overtime that went uncompensated were sufficient to survive motion to dismiss); *Louie v. Bed Bath & Beyond, Inc.*, 15-cv-4438, 2016 WL 3546333, at *2 (E.D.N.Y. June 23, 2016) (finding

5

"[p]laintiff's complaint sufficiently states a claim for an overtime violation under the FLSA and NYLL" where "complaint details the shift hours and typical hours worked in a given week, which total over forty"); *Cowell v. Utopia Home Care, Inc.*, 144 F. Supp. 3d 398, 400, 404-05 (E.D.N.Y. 2015) (distinguishing the complaint in *Lundy* and finding a plaintiff's allegations that "she regularly worked over fifty hours a week" and "received only straight-time compensation for all hours worked, even for those hours worked over forty" were sufficient to state a claim that she was entitled to overtime pay for those hours). Because the pleading requirements under NYLL are virtually indistinguishable, the allegations are sufficient to sustain the state-law claims as well. *See Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 n.5 (2d Cir. 2013) ("In light of the fact that the relevant overtime portions of New York Labor Law do not diverge from the requirements of the FLSA, our conclusions . . . about the FLSA allegations apply equally to the NYLL state law claims.") (internal quotations omitted).

## II. State Law Causes of Action

### A. Violations of Spread-of-Hours Law under New York Law

Under New York law, an employee whose work day exceeds ten hours, is entitled to receive one hour's pay at the basic minimum hourly wage rate, *in addition to* minimum wage. 12 N.Y.C.R.R. § 142-2.4 ("Section 142-2.4") (emphasis added). This additional compensation is commonly referred to as "spread-of-hours" pay. Defendants maintain that the spread-of-hours requirement is only implicated in cases where an employee is paid at the state's minimum wage. (Defs.' Supp. Pre-Mot. Conf. Ltr. at 2, ECF No. 19.) Defendants continue that because Plaintiffs are each paid in excess of the state's minimum wage, the spread-of-hours pay requirement does not apply and the claim should be dismissed accordingly. (*Id.*)

The Court recognizes that, as Plaintiffs argue, there is a split within this circuit as to when spread-of-hours pay is required. *Compare Singh v. Patel*, 12-cv-3204, 2013 WL 2190153, at *2 (E.D.N.Y. May 16, 2013) (following the view that "those earning more than the minimum wage are not entitled to spread-of-hours pay") (quoting *Rui Xiang Huang v. J & A Entm't Inc.*, 09-cv-5587, 2012 WL 6863918, at *8 (E.D.N.Y. Dec. 3, 2012)) *with Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 339 (S.D.N.Y. 2005) (holding that spread-of-hours provision applies to non-minimum wage workers and declining to defer to New York Department of Labor interpretation). However, this Court agrees with the courts that have found that employees who earn more than the state's minimum wage are not entitled to spread-of-hours compensation. *See Landi v. 341 Hancock LLC*, 16-cv-2655, 2017 WL 2804928, at *1 (E.D.N.Y. June 27, 2017) ("Following guidance from the New York Department of Labor, 'the majority rule in the Eastern and Southern Districts appears to be that employees who earn more than the minimum wage are not entitled to spread-of-hours compensation.'") (quoting *Ramos v. Telgian Corp.*, 176 F. Supp. 3d 181, 202 (E.D.N.Y. 2016)); *Mumin v. Uber Techs., Inc.*, 239 F. Supp. 3d 507, 533 n.17 (E.D.N.Y. 2017) ("The court agrees that the statute makes these claims derivative of minimum wage claims, and dismisses the spread of hours claim on the same basis as Ortega's minimum wage claim."); *Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 474 (E.D.N.Y. 2011) (dismissing claim for employer's failure to pay spread-of-hours and agreeing "with the cases that find that the explicit reference to the 'minimum wage' in section 142–2.4 indicates that 'the spread-of-hours provision is properly limited to enhancing the compensation of those receiving only the minimum required by law'") (quoting *Almeida v. Aguinaga*, 500 F. Supp. 2d 366, 370 (S.D.N.Y. 2007)). This approach is wholly consistent with a 2007 opinion of the New York Department of Labor on the subject, which clarified that if an employee's "regular wages" for

7

hours worked above ten in a day is "equal to or greater than th[e] 'spread of hours pay,' no additional wages need be paid." N.Y. Dep't of Labor, Op. Ltr. RO-07-0009 (Mar. 16, 2007) (available at https://www.labor.ny.gov/legal/counsel/pdf/Minimum%20Wage%20Orders/RO-07-0009A.pdf)  The Court sees no basis in law or policy to deviate from this conclusion.

As pleaded, the complaint clearly establishes that I. Mayancela, L. Mayancela, and Angamarca were paid in excess of the minimum wage.  According to the New York State Department of Labor, the New York State minimum wage for businesses with 11 or more employees was $11.00 per hour in 2017, the year L. Mayancela and Angamarca each concluded their employment with Defendants.  *See* Minimum Wage Lookup, https://labor.ny.gov/minimum-wage-lookup/ (last visited March 11, 2019); (Compl. at ¶¶ 57, 65.) I. Mayancela, on the other hand, concluded his employment with Defendants in 2016, when the minimum wage was $9.00 per hour.  *See* Minimum Wage Lookup, https://labor.ny.gov/minimum-wage-lookup/ (last visited March 11, 2019); (Compl. at ¶ 52.) Specifically, I. Mayancela alleges that at least during summer months he worked six days per week for an average of 56 hours per week.  (Compl. at ¶ 54.)  He further claims he earned $140 per day until sometime in 2014, and thereafter $150 per day.  (*Id.* at ¶ 55.)  At all times relevant, I. Mayancela earned no less than $15.00 per hour and as much as $16.07 per hour.  L. Mayancela alleges he worked six days per week for an average of 55 hours per week.  (*Id.* at ¶ 59.)  He further claims he earned $140 per day until 2016, when his pay increased to $150 per day.  (*Id.* at ¶ 62.)  L. Mayancela therefore earned no less $15.22 during the relevant time period. Angamarca alleges that he worked 10 hours per day when he worked five days per week, and

always received a fixed daily sum of $180 or $18.00 per hour. (*Id.* at ¶¶ 67, 69.)[4] Each of these Plaintiffs plainly alleges that he earned more than required under the state's minimum wage.

Llivichuzhca does not allege any hourly rate or sum total earned each day — he alleges only that he was paid "at straight time rates." (*Id.* at ¶ 50.) The Court cannot discern from these allegations any rate of pay. The Court notes that Llivichuzhca, like the other Plaintiffs, has withdrawn his claim alleging violation of the minimum-wage laws. That fact alone does not permit the inference that he was compensated at, but not higher than, the minimum wage. In the absence of allegations that Llivichuzhca was paid the minimum wage, his claims for spread of hours must be dismissed. *Sosnowy*, 764 F. Supp. at 474 (dismissing plaintiff's spread-of-hours claim because he did not plead that he was paid the minimum wage, but that he was paid on an hourly basis at a certain rate of pay") (internal quotation omitted).

### B. Illegal Deductions in Violation of NYLL § 193

Plaintiffs seek to press a claim under NYLL § 193 on the grounds that they were unlawfully required to provide and pay for their own work tools without reimbursement by Defendants. In urging dismissal, Defendants argue that no violation can lie because "the NYLL does not require employers to reimburse employees for business related expenses." (Defs.' Supp. Pre-Mot. Conf. Ltr. at 3.) Defendants' recitation of the law is incomplete. More fully stated, New York law does not require an employer to reimburse an employee for tools-of-the-trade expenses "*unless* failure to do so causes the employee's pay to fall below the minimum wage." *Mumin*, 239 F. Supp. 3d at 534 (emphasis added). Thus, to state a claim under § 193,

---

[4] Angamarca also alleges that during two other periods of time he worked more than five days per week. Specifically, he alleges he worked six days (or 55 hours) per week during "certain summer months" and for "approximately two months," he worked 60 hours per week. (Compl. ¶¶ 68, 70.) During these times, Angamarca earned approximately $19.65 and $21.17 per hour respectively. However, as discussed above, even at the lowest hourly rate that Angamarca received, $18.00 per hour, his earnings well exceeded the state's $9.00 per hour minimum wage requirement.

Plaintiffs must include allegations that would allow for the inference that the expenses Plaintiffs incurred effectively reduced their earnings below minimum wage.  *Id.*  Plaintiffs have failed to do so.  Fatally absent from the complaint is any allegation concerning the cost to Plaintiffs for purchasing tools of the trade.  Plaintiffs' § 193 claim is dismissed accordingly.  *See Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 507 (S.D.N.Y. 2013) (finding a plaintiff's "allegations that he was never reimbursed for alleged business expenses, without any allegation as to the cost of these expenses or how they remove his salary outside of minimum wage requirements" were conclusory under the NYLL).

### C. Failure to Provide Wage Notices in Violation of NYLL § 195(1)[5]

Plaintiff Llivichuzhca alleges that Defendants failed to provide him, both at the time of hiring and annually, with wage notices as required by the NYLL.  Defendants argue that with respect to the annual wage-notice requirement, there is no private right of action provided under the statute.  (Defs.' Supp. Pre-Mot. Conf. Ltr. at 3.)  Defendants are correct.  Although Llivichuzhca was entitled to receive an annual wage notice "on or before February first of each subsequent year" of his employment, the version of NYLL § 198 that provides for available remedies of the now-repealed annual wage-notice requirement provides that only the Commissioner of Labor may bring a legal action for such violations.  N.Y. Lab. Law § 198(1-b).[6]  Therefore, Llivichuzhca himself is not entitled to bring such a claim on his own behalf.  However, to the extent Llivichuzhca intends to maintain his cause of action for Defendants' failure to provide a wage notice at the time of hiring, such a claim shall survive a motion to

---

[5] Plaintiffs I. Mayancela, L. Mayancela, and Angamarca have voluntarily agreed to withdraw these claims.  (Pls.' Supp. Pre-Mot. Conf. Ltr. at 2, ECF No. 20.)

[6] The portion of NYLL § 195(1) that required employers to provide wage notices to employees annually was repealed on December 28, 2014.  As of December 29, 2014, under NYLL § 195(1), employers are only required to provide wage notices to employees at the time of hiring.

dismiss. *Compare id.*, ¶ 1 (creating private cause of action for "employee" to recover damages for employer's failure to provide notice "within ten business days of his or her first day of employment"), *with id.* ¶ 2 (authorizing the Commissioner of Labor to bring legal action "[o]n behalf of any employee not provided [annual] notice as required by [§ 195(1)]"); *see also Krupinski v. Laborers E. Region Org. Fund*, 16-cv-9923, 2017 WL 3267764, at *6 (S.D.N.Y. July 31, 2017) (declining to extend a private right of action for violations to the extent an employee was not provided with annual notice but recognizing a private right of action does exist against employers who fail to provide the initial notice at time of hire).

Therefore, Defendants' motion to dismiss Plaintiff Llivichuzhca's cause of action for violations of NYLL § 195(1) is GRANTED with respect Defendants' failure to provide annual wage notices and DENIED with respect to Defendants' failure to provide a wage notice at time of hiring.

### III. Individual Liability as to Theodorou

Finally, Defendants argue that Plaintiffs lack any specific factual details relating to Theodorou's status as an "employer." (Defs.' Pre-Mot. Conf. Ltr. at 2.) Specifically, Defendants contend that the allegations "merely parrot[] the applicable legal standard" and are therefore insufficient to plead an FLSA claim against Theodorou. (*Id.*) The Court agrees.

Under the FLSA, an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). NYLL similarly defines "employer" as "any person . . . employing any individual in any occupation, industry, trade, business or service" or "any individual . . . acting as an employer." N.Y. Lab. Law §§ 190(3), 651(6). In determining whether an individual is an employer under the FLSA, courts are directed to examine facts with an eye to the "economic reality." *Goldberg v. Whitaker House*

11

*Coop.*, 366 U.S. 28, 33 (1961).  The Second Circuit has long interpreted the economic reality test to include inquiries into "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984) (quoting *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)).

Here, Plaintiffs allege that "Theodorou was the President and/or owner and/or highest ranking officer of Alphacraft, and he exercised (and continues to exercise) ultimate decision-making responsibility and operational control for Alphacraft, including control over wage and hour practices and policies."  (Compl. at ¶ 16.)  This allegation however is made only upon information and belief.  Although Plaintiffs include additional allegations against Theodorou's status, those allegations lack the sort of details within Plaintiffs' knowledge that move Plaintiffs' allegations "above a speculative level."  *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009); *see also Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation [to state a claim] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.").  For example, Plaintiffs further allege that Theodorou "had the authority to hire and fire Alphacraft's employees"; "possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs"; "determined the wages and compensation of the employees of Alphacraft"; and "exercise[d] sufficient control of the Defendants' day to day operations to be considered Plaintiffs' . . . employer."  (Compl. at ¶¶ 17-21.)  However, Plaintiffs have not alleged that Defendant Theodorou personally hired any of the Plaintiffs, that he set

12

Plaintiffs' work schedules or specific conditions of their employment, or that he determined when and how much Plaintiffs were to be paid. Instead, Plaintiffs' allegations read as boilerplate recitations of the various factors of the economic reality test. This is not enough. Therefore, Defendants' motion to dismiss Defendant Theodorou as a defendant is granted.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted in part and denied in part. Defendants' motion to dismiss Plaintiffs' causes of action for (1) violations of spread-of-hours law under NYLL, and (2) illegal deductions in violation of NYLL § 193, is GRANTED. Further, Defendants' motion to dismiss Theodorou as a defendant is GRANTED. Defendants' motion to dismiss Plaintiffs' overtime claims under the FLSA and NYLL is DENIED. Defendants' motion to dismiss Plaintiff Llivichuzhca's cause of action for violations of NYLL § 195(1) is GRANTED with respect Defendants' failure to provide annual-wage notices and DENIED with respect to Defendants' failure to provide a wage notice at time of hiring.

SO ORDERED:

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
       March 14, 2019

13